Case 1:21-cv-00002   Document 5   Filed on 01/11/21 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
January 11, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| KEITH THOMAS, | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 1:21-cv-02 |
| | § | |
| U.S. DEPARTMENT OF EDUCATION | § | |
| DEFAULT RESOLUTION GROUP, | § | |
| Defendant | § | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of the "Motion and Declaration Under Penalty of Perjury in Support of Motion to Proceed In Forma Pauperis" (hereinafter, "IFP Motion") and the 42 U.S.C. § 1983 Complaint filed by pro se prisoner Keith Thomas. Dkt. Nos. 1 and 2. Thomas is an inmate at the Richard J. Donovan Correctional Facility ("RJD Facility") in San Diego, California. Dkt. No. 1 at 1, 3.[1] For the reasons provided below, it is recommended that the Court: (1) **DENY** Thomas's IFP Motion pursuant to 28 U.S.C. § 1915(g); (2) **DISMISS** Thomas's Complaint if he fails to pay the full filing fee within 40 days of the adoption of this Report and Recommendation; (3) **WARN** Thomas that full payment of the filing fee may not prevent the potential dismissal of his Complaint pursuant to 28 U.S.C. § 1915 or § 1915A; and, (4) **WARN** Thomas that he may be subject to sanctions in the future if he files any frivolous actions or appeals in this District while

---

[1] Keith Thomas lists his prisoner identification number as T-67081. Dkt. No. 1 at 1, 4. The inmate locator system for the California Department of Corrections and Rehabilitation ("CDCR") confirms that "Keith Perzell Thomas" is incarcerated at the RJD Facility, and that he has a CDCR number of: "T67081." *See* https://inmatelocator.cdcr.ca.gov/Details.aspx?ID=T67081 (last visited, January 7, 2021).

incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g); *see also Carson v. Johnson*, 112 F.3d 818, 819-820 (5th Cir. 1997) (discussing and applying 28 U.S.C. § 1915(g) to § 1983 claims). Should the Court ultimately dismiss Thomas's Complaint pursuant to 28 U.S.C. § 1915 or § 1915A, it is further recommended that the Court **DIRECT** the Clerk of Court to send notice of the dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

## I. Discussion

In *Thomas v. Doe*, the United States District Court for the Southern District of California recently dismissed an unrelated § 1983 lawsuit filed by Plaintiff. No. 319CV00727LABWVG, 2019 WL 2423138, at *1, 5 (S.D. Cal. June 10, 2019) (dismissing the complaint filed by Keith Thomas, "CDCR #T-67081," a pro se prisoner "incarcerated at Richard J. Donovan Correctional Facility ('RJD') in San Diego, California"). Prior to doing so, the court held that Thomas's motion to proceed in forma pauperis was barred by 28 U.S.C. § 1915(g) of the Prison Litigation Reform Act ("PLRA").[2] *Id*. at 5 (citing 28 U.S.C. § 1915(g)). Section 1915(g) of Title 28 prohibits prisoners from proceeding in forma pauperis if they have had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). The Fifth Circuit refers to this rule as the "three-strikes" provision. *Adepegba v. Hammons*, 103 F.3d 383, 385 (5th Cir. 1996).

---

[2] Pub.L. No. 104–134, 110 Stat. 1321 (1996).

In denying Thomas's motion to proceed in forma pauperis, the court found that "Plaintiff Keith Thomas, identified as CDCR #T-67081, has had at least fifteen prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted." No. 319CV00727LABWVG, 2019 WL 2423138, at *3. The court went on to list the cases as follows:

1) *Thomas v. Garvin*, Civil Case No. 1:99-cv-06339-AWI-DLB (E.D. Cal. Feb. 1, 2000 Findings & Recommendations ("F&Rs") re Dismissal for failing to state a claim [ECF No. 15] ); (March 28, 2000 Order Dismissing Action [ECF No. 20] ) (strike one);

2) *Thomas v. Nicholus, et al.*, Civil Case No. 1:99-cv-06377-OWW-HGB (E.D. Cal. July 14, 2000 F&Rs re Dismissal for failing to state a claim [ECF No. 16] ); (Oct. 11, 2000 Order Adopting F&Rs and Dismissing Case [ECF No. 20] ) (strike two);

3) *Thomas v. Kim, et al.*, Civil Case No. 1:99-cv-06553-AWI-HGB (E.D. Cal. May 10, 2000 F&Rs re Dismissal for failing to state a claim [ECF No. 18] ); (Aug. 29, 2000 Order Dismissing Action [ECF No. 23] ) (strike three);

4) *Thomas v. Gomez*, Civil Case No. 1:99-cv-06662-REC-DLB (E.D. Cal. June 14, 2000 F&Rs re Dismissal for failure to state a claim [ECF No. 18] ); (Oct. 12, 2000 Order Adopting F&Rs and Dismissing Action for Failure to State a Claim [ECF No. 20] ) (strike four);

5) *Thomas v. Lopez*, Civil Case No. 1:00-cv-05349-OWW-DLB (E.D. Cal. June 14, 2000 F&Rs re Dismissal for failure to state a claim [ECF No. 11] ); (Dec. 20, 2000 Order Adopting F&Rs & Dismissing Action for failure to state a claim [ECF No. 13] ) (strike five);

6) *Thomas v. Galaza*, Civil Case No. 1:00-cv-05348-OWW-LJO (E.D. Cal. Aug. 15, 2000 F&Rs re Dismissal for failure to state a claim [ECF No. 21]; (Nov. 14, 2000 Order Adopting F&Rs & Dismissing case for failure to state a claim [ECF No. 23] ) (strike six);

7) *Thomas v. Galaza*, Civil Case No. 1:00-cv-05345-AWI-LJO (E.D. Cal. April 27, 2000 F&Rs re Dismissal as frivolous [ECF No. 10] ); (June 23, 2000 Memorandum Opinion and Order Dismissing case for failure to state a claim and as frivolous [ECF No. 12] ) (strike seven);

8) *Thomas v. Gomez*, Civil Case No. 1:00-cv-05497-AWI-DLB (E.D. Cal. June 14, 2000 F&Rs re dismissal for failure to state a claim [ECF No. 8]; (Sept. 11, 2000 Order Adopting F&Rs & Dismissing case for failure to state a claim [ECF No. 13] ) (strike eight);

9) *Thomas v. U.S. DEA, et al.*, Civil Case No. 3:09-cv-02916-W-CAB (S.D. Cal. April 13, 2010 Order Dismissing Second Amended Complaint for Failing to State a Claim per 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b) [ECF No. 18] ) (strike nine);

10) *Thomas v. Regents of the University of California, et al.*, Civil Case No. 2:10-cv-04667-UA-PLA (C.D. Cal. July 12, 2010 Order denying leave to proceed IFP and dismissing case as frivolous, malicious, or for failing to state a claim [ECF No. 3] ) (strike ten);

11) *Thomas v. Doe, et al.*, Civil Case No. 2:10-cv-06973-UA-PLA (C.D. Cal. Oct. 4, 2010 Order denying IFP and dismissing case for lack of jurisdiction and as frivolous, malicious, or for failing to state a claim [ECF . 2] ) (strike eleven);

12) *Thomas v. King County Superior Court, et al.*, Civil Case No. 2:10-cv-07101-UA-PLA (C. D. Cal. Oct. 4, 2010 Order denying IFP and dismissing case for lack of jurisdiction and as frivolous, malicious, or for failing to state a claim [ECF . 2] ) (strike twelve);

13) *Thomas v. U.S. Attorney, et al.*, Civil Case No. 2:10-cv-07793-UA-PLA (C.D. Cal. Nov. 1, 2010 Order denying IFP and dismissing case for lack of jurisdiction and as frivolous, malicious, or for failing to state a claim [ECF . 2] ) (strike thirteen);

14) *Thomas v. U.S. District Court, et al.*, Civil Case No. 3:10-cv-02572-BEN-POR (S.D. Cal. Dec. 29, 2010 Order dismissing action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) [ECF No. 3] ) (strike fourteen); and

15) *Thomas v. U.S. Attorney General, et al.*, Civil Case No. 2:11-cv-00571-UA-DUTY (C.D. Cal. Feb. 9, 2011 Order denying IFP and dismissing case as frivolous, malicious, or for failing to state a claim [ECF . 2] ) (strike fifteen).

*Id.* at 3-4 (footnotes omitted).[3]

---

[3] It is also possible that Plaintiff has previously filed frivolous prisoner complaints in the Southern District of Texas.  *See Keith Thomas v. Eris S. Pierson, Et Al.*, Civil Action No. 4:12-cv-01120, Dkt. Nos. 4-5 (applying 28 U.S.C. § 1915(g), dismissing the § 1983 complaint of "Keith Thomas," and referencing other lawsuits filed by "Keith Thomas").  The Court currently does not have enough information to determine if Plaintiff is the same "Keith Thomas" referenced in *Keith Thomas v. Eris S. Pierson, Et Al*, and will not assume that Plaintiff has previously filed frivolous lawsuits in this District at this juncture.  However, the Court mentions *Keith Thomas v. Eris S. Pierson, Et Al*, for the benefit of other jurists, should Plaintiff file additional frivolous lawsuits in the future.

Just as in *Thomas v. Doe*, § 1915 and § 1915A of the PLRA applies to Thomas's instant case. *See generally* 28 U.S.C. § 1915 and § 1915A. Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thomas's Complaint in this case concerns his student loans and does not assert or imply that he is under imminent danger of serious physical injury. Dkt. No. 1. Accordingly, because Thomas has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," his IFP Motion is barred by 28 U.S.C. § 1915(g). As such, the Court should deny Thomas's IFP Motion. 28 U.S.C. § 1915(g); *Thomas v. Doe*, No. 319CV00727LABWVG, 2019 WL 2423138, at *1, 5.

## II. Recommendation

For the foregoing reasons, it recommended that the Court (1) **DENY** Thomas's IFP Motion (Dkt. No. 2) pursuant to 28 U.S.C. § 1915(g); (2) **DISMISS Thomas's Complaint if he fails to pay the full filing fee within 40 days of the adoption of this Report and Recommendation**; (3) **WARN** Thomas that full payment of the filing fee may not prevent the potential dismissal of his Complaint pursuant to 28 U.S.C. § 1915 or § 1915A; and (4) **WARN** Thomas that he may be subject to sanctions in the future if he files any frivolous actions or appeals in this District while incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury.

*See* 28 U.S.C. § 1915(g); *see also Carson v. Johnson*, 112 F.3d 818, 819- 820 (discussing and applying 28 U.S.C. § 1915(g) to § 1983 claims).  Should the Court ultimately dismiss Thomas's Complaint pursuant to 28 U.S.C. § 1915 or § 1915A, it is further recommended that the Court **DIRECT** the Clerk of Court to send notice of the dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

### III.  Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this **11th** day of January, 2021, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge